WINSTAR CORP., et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 90-8C.

United States Claims Court.

Feb. 21, 1992.

Charles J. Cooper, with whom were Robert R. Vieth and Michael Carvin, Washington, D.C., for plaintiffs.

John R. Tyler, with whom were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and Theodore C. Hirt, Asst. Director, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

To the extent that the court has treated defendant's Motion for Clarification of the Issues Remaining to be Briefed Respecting the Government's Alleged Contract Breach as a motion for reconsideration, that motion is denied. To the extent that this order clarifies defendant's questions, posed in its Motion for Clarification, that motion is granted.

In the next month the court intends to more fully elaborate upon this order with an opinion. However, in order for this litigation, and other related cases to proceed efficiently towards resolution the court provides the parties with the following answers to the questions posed in defendant's Motion for Clarification.

(1) After a further consideration of *Bowen v. Public Agencies Opposed to Social Sec. Entrapment*, 477 U.S. 41, 106 S.Ct. 2390, 91 L.Ed.2d 35 (1986) (POSSE), and *Peterson v. Department of Interior*, 899 F.2d 799 (9th Cir.), *cert. denied,* ___ U.S. ___, 111 S.Ct. 567, 112 L.Ed.2d 574 (1990), as well as other case law and briefing in this, and related cases, the court holds that abrogation of plaintiffs' right to treat supervisory goodwill as a capital asset for a period of 35 years breached the government's contract with plaintiffs.

(2) The opinion makes it clear that plaintiffs were not granted an exemption from legislation governing the capital treatment of goodwill. However, the

plaintiffs' do have a contract right to certain treatment of their supervisory goodwill as a capital asset. Abrogation of this right by the government absent a countervailing contractual right of the government is a breach of contract entitling the plaintiffs to damages or restitution.

(3) The sovereign acts doctrine does not bar plaintiffs' claims in this or analogous cases.

This order shall be sent to all parties in all *Winstar*-related cases. A status conference in this case and all related cases shall be scheduled for the week of March 23, 1992 to discuss the orderly scheduling of all pending issues to the end that the litigation may proceed to a resolution of remaining issues.

IT IS SO ORDERED.